# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD BERNSTEIN, individually and on behalf of all others similarly situated, | Civil Action No. 1:04-cv-4337 (RMB) |
| Plaintiff, | **ECF CASE** |
| vs. | **CLASS ACTION COMPLAINT** |
| LEHMAN ABS CORP. AND LEHMAN BROTHERS INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff alleges the following based upon the investigation of plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings as well as other regulatory filings and reports, press releases, and media reports about the Corporate Backed Trust Certificates, Verizon New York Debenture-Backed Series 2004-1 Trust. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.  This action is brought on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Corporate Backed Trust Certificates, Verizon New York Debenture-Backed Series 2004-1 Trust (the "Certificates") between January 5, 2004 and May 11, 2004, inclusive, and who were damaged thereby. Plaintiff seeks to pursue remedies under the Securities Act of 1933 (the "Securities Act").

2.  Plaintiff seeks to recover damages caused by the issuance by defendants of a false and misleading prospectus for the sale of the Certificates, which failed to disclose facts that

would have alerted purchasers of the Certificates to the risk that the issuer of the securities underlying the Certificates would cease filing SEC reports, and thereby trigger the liquidation of the Trust under SEC rules.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v; and 28 U.S.C. §§ 1331, 1337.

4. Many of the acts charged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this District. Defendants conducted other substantial business within this District and many Class members reside within this District. Defendants Lehman Brothers Inc. and Lehman ABS Corp. are headquartered within this District.

5. In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

6. Plaintiff Edward Bernstein, as set forth in his certification, which is attached hereto and incorporated by reference herein, purchased Certificates during the Class Period and has been damaged thereby.

7. Defendant Lehman ABS Corp. ("LABS") created the Verizon New York Debenture-Backed Series 2004-1 Trust (the "Trust") in January 2004, by executing a Series Supplement dated as of January 15, 2004 by and between LABS and U.S. Bank Trust National Association, as Trustee ("U.S. Bank Trust") and by depositing, pursuant thereto, $150,144,000

aggregate principal amount of 7⅜ Debentures, Series B, due 2032, issued by Verizon New York Inc. (the "Debentures") into the Trust. LABS subsequently transferred an additional $55,144,000 aggregate principal amount of Debentures into the Trust. Defendant LABS sold the Certificates to plaintiff and other members of the Class during the Class Period pursuant to a materially false and misleading prospectus and prospectus supplement.

8.  Defendant Lehman Brothers Inc. is the parent company of defendant LABS. At all times relevant hereto, Lehman Brothers Inc. was a control person of defendant LABS, within the meaning of section 15 of the Securities Act.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

9.  Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons or entities who purchased or otherwise acquired Certificates between January 5, 2004 and May 11, 2004, inclusive (the "Class Period"), and who were damaged thereby. Plaintiff and each member of the Class purchased Certificates pursuant to a registration statement and prospectus. The registration statement, prospectus and prospectus supplement pursuant to which plaintiff and the other Class members purchased their Certificates are referred to collectively herein as the "Prospectus." Excluded from the Class are defendants, senior officers, directors and trustees of the corporate defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

10. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believe that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the class

3

may be identified from records maintained by LABS and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

11. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

12. Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation.

13. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by defendants' acts as alleged herein;

(b) whether statements made by defendants to the investing public in the Prospectus during the Class Period misrepresented material facts about the Certificates and the Debentures; and

(c) whether members of the Class have sustained damages and the proper measure of the damages.

14. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the Class to

individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

15. In January 2004, pursuant to a trust agreement dated as of January 15, 2004, LABS created the Trust by depositing in trust with U.S. Bank Trust $150,144,000 aggregate principal amount of Debentures, which had been previously issued by Verizon New York Inc. ("Verizon NY") and purchased by LABS on the open market. An additional $55,144,000 of Debentures were transferred to the Trust by LABS later in January 2004.

16. The Trust issued and offered to the public, through LABS, 8,205,760 Certificates representing a proportionate undivided beneficial ownership interest in the Trust. The Certificates were sold to the public at a price of $25 per Certificate and paid an interest rate of 6.20%. By selling Certificates, each representing, in effect, a fraction of a Debenture, LABS offered a security to the public having many of the same investment features as a corporate debenture, such as a fixed rate of interest, but at a price that was affordable to investors who may not have been able to purchase the Debentures, which have a face value of $1000 each.

17. The Certificates were sold pursuant to the Prospectus, and a copy of the Prospectus was provided to persons who purchased the Certificates. The prospectus discussed the Certificates, but did not contain detailed financial or other information about either the Debentures or Verizon NY.

18. SEC regulations governing sales of corporate backed trust certificates, such as the Certificates purchased by plaintiff and other members of the Class, provide that the certificates may only be sold when the issuer of the underlying securities files certain periodic reports with the SEC, and in the event that the issuer of the underlying securities elects not to file such reports

(for example, corporate subsidiaries that issue separate debt may elect not to file their own reports but may rely on reports filed by their corporate parents), any corporate backed trusts relating to those securities must be liquidated.

19. On May 7, 2004, LABS announced that on May 4, 2004, Verizon had filed a Form 15 with the SEC stating that it had elected to suspend filing periodic reports under certain sections of the Securities Exchange Act of 1934 with respect to Verizon NY, and that, as a result, the Trust must be terminated. This constituted an "event of default" under the Trust Agreement, which required the sale of the Debentures by the Trust.

20. On May 11, 2004, the Trustee announced that the sole asset of the Trust, $205,144,000 principal amount of Debentures, would be liquidated. On that day, which was the last day of trading for the Certificates, the Certificates closed at $22.00.

21. Thereafter, notice was sent to holders of the Certificates advising them that, under the terms of the Trust, they could elect to receive either liquidation proceeds or their pro rata share of the Debentures.

22. The Prospectus failed to disclose the material facts that Verizon NY was one of 16 domestic operating companies owned by Verizon that filed reports with the SEC; that as of February 2003, Verizon had already elected to suspend filing periodic SEC reports for the public debt of six of its domestic operating telephone subsidiaries (GTE Southwest Inc., Verizon Delaware Inc., Verizon Hawaii Inc., Verizon Northwest Inc., Verizon Washington D.C. Inc. and Verizon West Virginia Inc.); and that those actions were taken pursuant to a program Verizon had established in early 2003 to change funding procedures and reduce costs. This plan included possible deregistration of the public debt of its domestic operating telephone subsidiaries, including Verizon NY.

# FIRST CLAIM

### Against Lehman ABS Corp. for Violations of Section 11 of the Securities Act

23. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein

24. This claim is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class against LABS.

25. LABS issued, caused to be issued and participated in the issuance of the materially false and misleading written statements and/or omissions of material facts that were contained in the Prospectus, as set forth above.

26. Plaintiff and other Class members purchased Certificates issued pursuant to, and/or traceable to, the false and misleading Prospectus.

27. LABS had a statutory duty to investigate risks relating to the purchase of the Certificates by members of the Class.  LABS failed to exercise reasonable care in investigating such risks, as required by law.

28. Plaintiff and the Class have sustained damages.  The value of plaintiff's investment in the Certificates decreased substantially as the direct result of the liquidation of the Trust, and, therefore, the damages suffered by plaintiff and the Class were directly caused by defendants' wrongful conduct, as alleged herein.

29. At the time they purchased the Certificates, plaintiff and Class members were without knowledge of the facts concerning the false and misleading statements or omission alleged herein and could not reasonably have possessed such knowledge.  This claim was brought within the applicable statute of limitations.

## SECOND CLAIM

### Against Lehman Brothers as a Control Person of Lehman ABS
### for Violations of Section 15 of the Securities Act

30.     Plaintiff repeats and realleges each and every allegation contained above.

31.     This Claim is brought pursuant to Section 15 of the Securities Act against Lehman Brothers Inc. as a control person of LABS

32.     LABS is liable under Section 11 of the Securities Act as set forth herein.

33.     Lehman Brothers, by virtue of its ownership and operational control and/or authority over LABS, was a "control person" of LABS within the meaning of Section 15 of the Securities Act.  Lehman Brothers, directly and indirectly, had the power and authority, and exercised the same, to cause the LARS to engage in the wrongful conduct complained of herein.

34.     Pursuant to Section 15 of the Securities Act, by reason of the foregoing, Lehman Brothers is liable to plaintiff and the Class to the same extent as is LABS for the latter's primary violations of Section 11 of the Securities Act.

35.     By virtue of the foregoing, plaintiff and other Class members are entitled to damages against Lehman Brothers.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief and judgment as follows:

(a)     Determining that this action is a proper class action and appointing plaintiff as Lead Plaintiff and their counsel as Lead Counsel for the Class and certifying him as Class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of plaintiff and the other Class

members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 7, 2004

**BARRACK, RODOS & BACINE**
Donald C. Moss (DM-1946)
170 East 61st Street, 2nd Floor
New York, NY 10021
(212) 688-0782

and

**BARRACK, RODOS & BACINE**

By: _____/s/_____
Daniel E. Bacine
M. Richard Komins
Regina Calcaterra (RC- 3858)
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600